# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. **18-M-86 (DEJ)** |
| | ) | |
| JONATHAN TILMAN LANE | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  March 25, 27 and 28, 2018  in the county of  Milwaukee  in the
 Eastern  District of  Wisconsin , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1365 | Tampering with a consumer product that affects interstate or foreign commerce, with reckless disregard for the risk that another person will be placed in danger of death or bodily injury and minifested extreme indifference to such risk |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Joel Thomas, USDA-OIG
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 29, 2018

_____
*Judge's signature*

City and state:  Milwaukee, Wisconsin   Hon. David E. Jones, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joel B. Tomas, having been duly sworn on oath, state as follows:

## Affiant's Background

1) I am employed as a Special Agent with the United States Department of Agriculture, Office of Inspector General (USDA/OIG) and have been so employed since 2015. Prior to my employment with USDA/OIG, I was a Special Agent with the United States Department of Energy, Office of Inspector General (DOE/OIG) since 2011. Prior to my employment with DOE/OIG, I was a Special Agent with the Environmental Protection Agency, Office of Inspector General (EPA/OIG) since 2009. I am a 2009 graduate of the basic criminal investigator program at the Federal Law Enforcement Training Center in Glynco, Georgia. I hold a Bachelor of Science degree from Crichton College. My responsibilities as a Special Agent for the USDA/OIG include the investigation of potential criminal violations affecting Department of Agriculture programs, including violations of Title 18 United States Code (U.S.C.) 1365 (Tampering with Consumer Products) offenses.

2) The facts set forth in this affidavit are based on my personal knowledge, including what I have learned through my training and experience as a law enforcement officer, my review of documents and other records obtained in the course of this investigation, and information I have obtained in the course of this investigation from witnesses having personal knowledge of the events and circumstances described herein and other law enforcement officers, all of whom I believe to be truthful and reliable.

## Purpose of Affidavit

3) Because I am submitting this affidavit for the limited purpose of establishing probable cause for the requested arrest warrant, I have not included in this affidavit every detail I know about this investigation. Rather, I have included only the information necessary to establish probable cause for the requested arrest warrant.

4) This Affidavit is presented in support of an application for a complaint and arrest warrant for JONATHAN TILMAN LANE (LANE) for three counts of tampering with a consumer product that affects interstate or foreign commerce, with reckless disregard for the risk that another person will be placed in danger of death or bodily injury and manifesting extreme indifference to such risk, in violation of 18 U.S.C. § 1365(a).

## Background

5) The U.S. Department of Agriculture's (USDA) Food Safety and Inspection Service (FSIS) is the public health regulatory agency responsible for ensuring the safety of meat, poultry, and processed eggs. FSIS is involved in many areas of food processing and food distribution; the inspection of domestic product, imports, and exports; conducting risk assessments; and educating the public about the importance of food safety.

## Overview of Investigation

6) On April 2, 2018, I interviewed Jane Mattias (Mattias), Food Safety Quality Coordinator, Johnsonville Sausage, LLC (Johnsonville). Mattias stated that LANE, a contract employee at Johnsonville, placed foreign objects into sausage links on at least two occasions. Mattias stated that Johnsonville management, after reviewing video surveillance, determined that on March 25, 2018, LANE placed a cigarette paper in a sausage link and on March 28, 2018, LANE placed a wire connector in a sausage link. Both times, if the items had not been removed, the items would have continued on the processing line. Mattias stated that on both occasions, LANE approached his team leader and reported that he had found the objects while working the food line. Mattias stated that LANE was in the final phase of the processing line before packaging and any materials introduced had a risk of going out to the consumer. Mattias stated that, due to the public risk of LANE's behavior, Johnsonville closed down the operation and discarded all products which they believed could have been affected.

7) On April 4, 2018, I reviewed surveillance video for both March 25, 2018 and March 28, 2018 created and kept by Johnsonville as part of their safety control measures. On the video for March 25, 2018, I observed LANE manipulating several non-food objects with his hands, including something white in color. I observed LANE produce a partial sausage link and give it to a supervisor. On the video for March 28, 2018, I observed LANE placing the sausage link containing a wire connector on the food line, and then appearing to have lost control of its location. After several minutes, LANE was observed looking at the "rework cart" and then taking the sausage link to a supervisor.

8) On April 5, 2018, I interviewed Alexandra Matenaer (Matenaer), Assistant Team Lead, Johnsonville. Matenaer stated that on March 25, 2018, at approximately 1:30 PM, LANE approached her with a sausage link with a small piece of cigarette paper inside.

9) On April 5, 2018, I interviewed Jennifer Lund (Lund), Team Lead, Johnsonville. Lund stated that on March 28, 2018, at approximately 6:30 AM, she was notified that LANE found a wire connector in a sausage link. Lund stated that LANE told her that he found the sausage link on the "rework cart." Lund stated that LANE told her that he noticed the link looked "pinkish", so he broke the link and found the wire connector inside. Lund stated that LANE had no reason to be inspecting sausage links on the "rework cart," would not be able to notice any allegedly undercooked meat without first breaking the sausage link, and could not explain where the rest of the sausage link was located. Lund stated she was immediately suspicious that LANE had purposely planted the wire connector and in response closed the food processing line due to her concern of contaminates getting into the food product.

10) On April 5, 2018, I interviewed LANE. LANE stated that he planted the piece of paper and wire connector and then, each time, reported to management that he found them on the food processing line. LANE stated that he lost control of the food product he had placed the wire connector into after he placed it onto the "rework cart" to be processed. When LANE was confronted about the possibility of a third time he put contaminates into the processing line,

2

LANE stated that on or about March 27, 2018, he planted some darker bratwurst type of meat from a previous food run into a turkey sausage patty on the line.

11) LANE admitted that his actions ran a risk of it getting the contaminated food out into the consumer market. When LANE was asked about what would have happened if he had not found the sausage link he planted, he said he, "prayed to God" that someone would have caught it or the machine would have caught it. LANE stated that he knew his actions could hurt consumers and would cause Johnsonville monetary loss.

## Conclusion

12) Based on the facts and circumstances set forth in this affidavit, I submit that there exists probable cause to believe that JONATHAN TILMAN LANE, on or about March 25, 27, and 28, 2018, did tamper with a consumer product that affects interstate or foreign commerce, with reckless disregard for the risk that another person will be placed in danger of death or bodily injury and manifested extreme indifference to such risk, in violation of 18 U.S.C. § 1365 (a).

###